This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, James Glynn, appeals from the judgment of the Medina County Court of Common Pleas that denied his petition for post-conviction relief. We affirm.
{¶ 2} The Medina County Grand Jury indicted Defendant on one count of sexual battery, in violation of R.C. 2907.03. Thereafter, Defendant pled no contest to the charge; the trial court found him guilty, imposed sentence, and declared him to be a sexual predator. Defendant appealed to this court and challenged the trial court's sexual predator declaration. This court reversed the trial court's judgment and remanded the cause for proceedings consistent with the opinion. State v. Glynn (Apr. 1, 1998), 9th Dist. No. 2712-M, at 7. On September 23, 2002, Defendant filed a petition for post-conviction relief. The trial court denied Defendant's petition. Defendant timely appeals and asserts one assignment of error for review.
 ASSIGNMENT OF ERROR "Lower tribunal reversibly erred in denying post conviction petition as time barred under R.C. 2953.23[(A)] where [Defendant] met both prongs of that test."
{¶ 3} In his sole assignment of error, Defendant avers that he satisfied the requirements of R.C. 2953.23(A), therefore, the trial court erroneously denied his petition for post-conviction relief as untimely. We disagree.
{¶ 4} The trial court has the discretion to grant or deny a petition for post-conviction relief. State v. Zinn, 4th Dist. No. 00CA020, 2001-Ohio-2444. As such, an appellate court will not disturb the decision of the trial court regarding a petition for post-conviction relief absent an abuse of discretion. Id. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
{¶ 5} R.C. 2953.21 sets forth the statutory framework governing post-conviction relief. Specifically, this statute provides defendants with a mechanism to petition the trial court for an evidentiary hearing and request relief on the basis that their convictions are void or voidable on state or federal constitutional grounds. R.C. 2953.21. Although defendants may petition for post-conviction relief, they are still required to abide by certain time requirements for filing such a petition, as outlined in R.C. 2953.21(A)(2). R.C. 2953.21(A)(2) provides:
 "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." (Emphasis added.)
{¶ 6} The record reveals that Defendant filed the trial transcript on June 30, 1997. As such, for Defendant's petition to be deemed timely filed, it must have been filed no later than one hundred eighty days after June 30, 1997. Defendant filed his petition for post-conviction relief on September 23, 2002, well beyond the statutory time period.
{¶ 7} As Defendant filed his petition outside the prescribed time limitations, the trial court lacked jurisdiction absent Defendant demonstrating he met the requirements of R.C. 2953.23(A). See State v.Hurst (Jan. 10, 2000), 5th Dist. No. 1999CA00171. See, also, State v.Mullen, 4th Dist. No. 00CA24, 2001-Ohio-2566; State v. Harris (Feb. 9, 2001), 2nd Dist. No. 18525; State v. Smith (Feb. 17, 2000), 8th Dist. No. 75793. The trial court may consider a petition for post-conviction relief after the deadline if the defendant demonstrates:
"(1) Either of the following ***:
 "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 "(b) Subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
[and]
 "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]" R.C. 2953.23(A).
{¶ 8} In the present case, Defendant contends that his conviction is void or voidable on two grounds: (1) his plea was not entered voluntarily, knowingly, or intelligently; and (2) his trial counsel's assistance was ineffective. Despite Defendant's contentions regarding his plea and his trial counsel's ineffectiveness, he failed to satisfy the requirements outlined in R.C. 2953.23(A). Specifically, Defendant has not adequately demonstrated that he "was unavoidably prevented from discovering the facts" upon which he must rely to present his claim for relief, nor does he argue that his petition is based upon a new federal or state right that has been recognized by the United States Supreme Court. Therefore, the trial court did not abuse its discretion when it likewise determined that Defendant did not satisfy the requirements of R.C. 2953.23(A). As Defendant untimely filed his petition and failed to meet the requirements of R.C. 2953.23(A), we hold that the trial court could not entertain such petition because it lacked jurisdiction. SeeState v. Furcron (Feb. 17, 1999), 9th Dist. No. 98CA007089, at 3; Statev. Flowers (Nov. 12, 1998), 9th Dist. No. 2842-M, at 3; State v. Hanks
(June 25, 1998), 10th Dist. No. 98AP-70. Consequently, the trial court properly denied Defendant's petition for post-conviction relief. Accordingly, Defendant's sole assignment of error is overruled.
{¶ 9} Defendant's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
CARR, J. and WHITMORE, J. CONCUR.